## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERTO LUIS MARQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 13-cv-4020 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). In the § 2255 Motion, the Court discerns the following challenges to Petitioner's 2011 conviction for conspiracy to distribute cocaine: (1) the base offense level of his sentence was improperly enhanced and did not comply with the terms of his plea agreement; and (2) Petitioner's trial counsel provided ineffective assistance by (a) failing to file an appeal upon Petitioner's request, (b) failing to communicate and to explain the consequences of entering a guilty plea agreement, (c) failing to timely negotiate a favorable plea agreement, (d) failing to raise the issues of entrapment and to explore the possibilities of obtaining a downward departure in plea negotiations, and (e) failing to object to an enhanced sentence at the sentencing hearing that deviated from the terms of the plea agreement. (Doc. 1 at 1-2, 4, 13).

Without regard to the merits, the instant Motion appears to be untimely, as the one-year statute of limitations from the date on which the judgment of

conviction became final pursuant to 28 U.S.C. § 2255(f)(1)[1] has already run. As affirmed by the Supreme Court in *Clay v. United States*, "for the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." 537 U.S. 522, 525 (2003). The Court further delineated that the time to petition for certiorari expires 90 days after entry of the Court of Appeals' judgment. *Id.*

Here, the Court of Appeals entered judgment on November 9, 2011. (No. 10-CR-40045, Doc. 51). Thus, the time in which Petitioner could have petitioned for certiorari expired on February 8, 2012 and triggered the one-year statute of limitations under § 2255 as of that date. Petitioner, however, did not file the present Motion until February 26, 2013 – more than one year after the time for seeking certiorari expired. Because a possibility exists to equitably toll the statute of limitations for § 2255 petitioners in a proper case, the Court chooses to afford the Petitioner an opportunity to address the timeliness issue before disposing of the Motion. *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) (affirming that the statute of limitations in § 2255 can be tolled); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (recognizing the possibility of equitable tolling for § 2255 petitioners). Petitioner is allowed until April 18, 2013 to file a brief, if cause exist, in support of equitable tolling of the limitation period. Respondent is allowed until April 30, 2013 to file a response to any argument by Petitioner for equitable tolling.

---

[1] Petitioner refers only to the date of judgment of conviction and does not raise the applicability of the other subsections of 28 U.S.C. § 2255(f) to trigger the statute of limitations; thus, the one year period of limitation shall run from the date on which the judgment of conviction became final.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL serve a copy of the Motion (Doc. 1) by certified mail upon Respondent pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. Petitioner is allowed until April 18, 2013 to file a brief explaining why his circumstances justify equitable tolling, and Respondent SHALL file its responses by April 30, 2013.

3. After receiving briefing on the question of equitable tolling, the Court will either dismiss the Motion as untimely or complete its review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

4. Petitioner SHALL serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 8th day of March, 2013.

                                                            s/ Joe B. McDade
                                                          JOE BILLY McDADE
                                    United States Senior District Judge