UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERTO LUIS MARQUEZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 13-cv-4020 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion for Leave to Appeal in forma pauperis. (Doc. 13). On June 6, 2013, the Court dismissed Petitioner's 28 U.S.C. § 2255 Motion as untimely, and declined to issue a Certificate of Appealability.[1] (Doc. 7).

In the documents supporting his Motion for Leave to Appeal in forma pauperis, Petitioner indicates that he receives a monthly income of $45-50, and that he has no other sources of income.[2] (Doc. 13 at 5). As of July 30, 2013, Petitioner had a balance of $12.27 in his trust fund account, and his average balance for the

---

[1] Though the Court denied Petitioner's Certificate of Appealability, it does not find that Petitioner brings his appeal in bad faith. "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (*citing Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The fact that the Court denied Petitioner's request for a Certificate of Appealability does not necessarily indicate that the appeal is not taken in good faith, as the standard for a Certificate is higher. *See Walker*, 216 F.3d at 631-32.

[2] The form Petitioner completed states that he has no income or property, but this is belied both by Petitioner's later statement that he earns $45-50/month, and by the trust fund account statement from his institution, which shows monthly payroll deposits within that range. (Doc. 13).

previous six months was $25.19. (Doc. 13 at 6-7). Petitioner had received deposits totaling $266.29 over the past six months, which works out to an average monthly deposit total of $44.38. (Doc. 13 at 8).

The Court finds that Petitioner is unable to pay the full $455 appellate filing fee, and thus grants his Motion to Proceed on Appeal in forma pauperis. The Court also finds, in its discretion, that Petitioner is able to pay a portion of the filing fee, and adopts the formula for calculating a partial payment found in 28 U.S.C. § 1915(b). *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (approving district court's discretionary use of § 1915(b) partial payment calculation in § 2255 cases). This formula provides that a petitioner must pay 20% of either his average balance or average monthly deposits, whichever is greater. The greater of these two figures is $44.38, which is his average monthly deposit, and so 20% of that, $8.88, is the partial filing fee the Court will assess.

IT IS THEREFORE ORDERED that Petitioner's Motion to Proceed on Appeal in forma pauperis (Doc. 13) is GRANTED. Petitioner is ASSESSED a partial filing fee of $8.88.

Entered this 7th day of August, 2013.

                                                    s/ Joe B. McDade
                                                 JOE BILLY McDADE
                                       United States Senior District Judge